UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**TARNISHA WILLIS,**

      **Plaintiff,**

v.                                 Case No: 6:22-cv-365-WWB-EJK

**LITTLE ANGELS PEDIATRIC
EXTENDED CARE, LLC,**

      **Defendant.**

## ORDER

This cause comes before the Court on the parties' Joint Motion for Approval of Settlement and Dismissal with Prejudice (the "Motion"). (Doc. 9.) For the reasons stated herein, the Motion is due to be denied without prejudice.

## I. BACKGROUND

On February 8, 2022, Plaintiff Tarnisha Willis initiated this action against Defendant Little Angels Pediatric Extended Care, LLC, pursuant to the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 216(b). (Doc. 1.) Plaintiff alleges that she was employed by Defendant as a registered nurse from approximately October 2019 through April 2021, that she regularly worked in excess of 40 hours per week, and that she was not compensated at time and one-half for all hours worked in excess of 40 hours per week, as required by the FLSA. (*Id.* ¶¶ 14–15, 25, 29, 37, 40.) However, the parties have negotiated a compromise and settlement of Plaintiff's claims and filed a motion for approval of their settlement agreement (the "Agreement"), pursuant to

*Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354–55 (11th Cir. 1982). (Doc. 42-1.) On March 16, 2022, the Court directed counsel to inform the Court "whether or not the parties have entered into any agreement . . . . that has not been disclosed to the Court." (Doc. 10.) The parties indicated that they have not. (Doc. 11.) Thus, the Motion is ripe for review.

## II.  DISCUSSION

### A. Plaintiff's Total Damages Claimed

For the Court to "determine whether the proposed settlement is reasonable, counsel for Plaintiff must disclose the extent to which Plaintiff's FLSA claims have, will, or could be compromised by deduction of attorneys' fees, costs, or expenses, whether pursuant to a contract between Plaintiffs and their counsel or otherwise." *Castro v. Timescape Mktg., LLC*, No. 6:08-cv-193-Orl-31KRS, 2009 WL 10712716, at *1 (M.D. Fla. Feb. 5, 2009). In doing so, the Court must know the total amount to which a plaintiff claims to be entitled under the FLSA. *See, e.g.*, *Vergara v. Delicias Bakery & Rest., Inc.*, No. 6:12-cv-150-Orl-36, 2012 WL 2191299, at *1 (M.D. Fla. May 31, 2012), *report and recommendation adopted*, No. 6:12-cv-150-Orl-36, 2012 WL 2191492 (M.D. Fla. June 14, 2012) (finding a plaintiff did not compromise his initial claim of $2,925.00 in damages.)

Here, the Motion does not state the total amount that Plaintiff claimed she was owed under the FLSA. (*See* Doc. 9.) The omission of the total amount that Plaintiff claims she is owed precludes approval of the Agreement.

### III. CONLCUSION

Accordingly, it is hereby **ORDERED** that the Motion (Doc. 9) is **DENIED without prejudice**. The parties may file a renewed motion that addresses the issues set forth in this Order and a revised settlement agreement, if applicable, on or before **April 1, 2022**.

**DONE** and **ORDERED** in Orlando, Florida on March 18, 2022.

*[signature]*

EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE